IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARSHAL T. SIMPSON, et al., | ) |
| Plaintiffs, | ) ) ) ) |
| v. | ) Case No. 18-CV-00398-MJW |
| WILLIAMS DIRKS DAMERON, et al., | ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' SUGGESTIONS IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED PETITION**

In support of their Motion to Dismiss, Defendants' Williams Dirks Dameron and Matthew L. Dameron submit their Suggestions in Support.

NORRIS & KEPLINGER, L.L.C.

By: /s/ Michael G. Norris
Michael G. Norris, #33416
mnorris@nkfirm.com
David J. Welder, #61806
dwelder@nkfirm.com
9225 Indian Creek Parkway
32 Corporate Woods, Suite 750
Overland Park, Kansas 66210
(913) 663-2000
(913) 663-2006 (Fax)
**ATTORNEYS FOR DEFENDANTS**

DATED: May 25, 2018

# TABLE OF CONTENTS

| Description | Page |
|---|---|
| Table of Authorities | ii |
| Statement of the Nature and Stage of the Proceedings | 1 |
| Factual Overview | |
|     I. The Underlying Litigation | 1 |
|     II. The Instant Litigation | 3 |
| Legal Standard | 4 |
| Argument | |
|     I. Plaintiffs' Laundry List of Grievances Do Not Support Legal Malpractice | 6 |
|     II. Plaintiffs' Core Complaints Do Not Support Legal Malpractice | 7 |
|         a. Plaintiffs' Amended Complaint Fails to Allege Negligent Conduct | 7 |
|         b. Plaintiffs' Amended Complaint Fails to Allege "But For" Causation | 9 |
|             1. *The Statute of Limitations Barred Plaintiffs' Complaint* | 9 |
|             2. *Plaintiffs' Complaint Submits Barebone Allegations of Causation* | 10 |
|         c. Summary of Plaintiffs' Malpractice Claim | 12 |
|     III. Plaintiffs' Other Claims Also Fail | 13 |
|         a. Plaintiffs' Breach of Fiduciary Duty Claim Fails | 13 |
|         b. Plaintiffs' Other Claims are Derivative of the Malpractice Claims | 14 |
|     IV. The Court Should Dismiss the Amended Complaint with Prejudice | 14 |

# TABLE OF AUTHORITIES

**Cases:**                                                                                         **Page**

*Ashcroft v. Iqbal*                                                                                  4
    556 U.S. 662, 679 (2009)

*Bell Atl. Corp. v. Twombly*                                                                        4, 5
    550 U.S. 544, 555 (2007)

*Braden (internal citation omitted)*                                                                 5
    588 F.3d at 594

*Collins v. Missouri Bar Plan*                                                                       8
    157 S.W.3d 726, 732 (Mo. Ct. App. 2005)

*Dickerson v. Murray*                                                                                13
    No. S14C-07-026, 2015 WL 447607, *5
    (Del. Super. Feb. 3, 2015)

*Fox v. White*                                                                                       7
    215 S.W.3d 257, 260 (Mo. Ct. App. 2007)

*Geier v. Missouri Ethics Comm'n*                                                                    14
    715 F.3d 674, 678 (8th Cir. 2013)

*Hanten v. Sch. Dist. of Riverview Gardens*                                                          5
    183 F.3d 799, 805 (8th Cir. 1999)

*Holloway v. Dobbs*                                                                                  14
    715 F.2d 390, 392-93 (8th Cir. 1983)

*In re TCW/Camil Holdings LLC*                                                                       8
    330 B.R. 117, 128 (Del. Bankr. 2005)

*Juan v. Growe*                                                                                      7
    No. ED 105752, 2018 WL 1720980, *4
    (Mo. Ct. App. Apr. 10, 2018)

*Klemme v. Best*                                                                                     7, 13
    941 S.W.2d 493, 495 (Mo. 1997)

*Lange v. Marshall*                                                                                  9
    622 S.W.2d 237, 238 (Mo. Ct. App. 1981)

*Lara v. Federal Nat. Mtg. Ass'n*                                                                    5, 6, 13
    13-676, 2013 WL 3088728, *2

*Marshal T. Simpson Trust v. Invicta Networks, Inc.*     1, 2
    *2017 WL 4684325 at \*1 (D. Del. 2017)*

*Nail v. Husch Blackwell Sanders LLP*     7
    *436 S.W.3d 556, 561 (Mo. 2014)*

*Pet Quarters, Inc. v. Depository Trust and Clearing Corp.*     14
    *559 F.3d 772, 782 (8th Cir. 2009)*

*Rich Realty, Inc. v. Potter Anderson & Corroon LLP*     13
    *No. 09C-12-273, 2011 WL 743400, \*3*
    *(Del. Super. Feb. 21, 2011)*

*Rosemann v. Sigillito*     8, 13
    *785 F.3d 1175, 1180 (8th Cir. 2015)*

*Steward v. Goetz*     9
    *945 S.W.2d 520, 532 (Mo. Ct. App. 1997)*

*Wolgin v. Simon*     14
    *722 F.2d 389, 394-95 (8th Cir. 1983)*

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

In the underlying litigation, Plaintiffs sued Invicta Networks – a defunct Delaware corporation – and its former officers and directors for a variety of claims related to Plaintiffs' investment in that company. Plaintiffs' claims were not successful.

Subsequently, Plaintiffs initiated this litigation against their former counsel in the underlying litigation, alleging legal malpractice and other claims. Defendants moved to dismiss Plaintiffs' initial pleading; rather than respond, Plaintiffs elected to amend their pleading. Although it is characterized as an amendment, Plaintiffs' Amended Complaint does not materially change or alter their initial allegations – indeed, it fails to remedy any of the defects initially pointed out in Defendants' first dismissal motion.

Because the Amended Complaint's continued deficiencies, Defendants renew their Motion to Dismiss and ask that the Court dismiss Plaintiff's Amended Complaint with prejudice.

## FACTUAL OVERVIEW

### I. THE UNDERLYING LITIGATION

On November 11, 2014, Investors Marshal T. Simpson Trust, Donald S. Simpson Trust and Christopher Boyd (collectively, "Investors") sued Invicta Networks, Inc. ("Invicta"), its Board of Directors, William Esrey, Robert Hallman, R. James Woolsey ("Directors") and Victor Sheymov as Invicta's President, Chief Executive Officer and Chairman in the United States District Court for the Western District of Missouri ("Missouri Court") alleging breach of fiduciary duty, negligence, fraud and negligent misrepresentation. The Simpson Trusts and Mr. Boyd allege they relied on misrepresentations made by Invicta, its Directors, and CEO Sheymov in deciding whether to invest in the Company. *Marshal T. Simpson Trust v. Invicta Networks, Inc.*, 2017 WL 4684325 at *1 (D. Del. 2017).

In Missouri, Directors Esrey, Hallman and Woolsey moved to dismiss the breach of fiduciary duty and negligence claims against them, and Mr. Esrey moved to dismiss the fraud and negligent misrepresentation claims against him. The Missouri Court granted the Motion to Dismiss in part, finding it did not have personal jurisdiction over Messrs. Hallman and Woolsey. The Missouri Court then granted Plaintiffs' Motion to Transfer the case under 28 U.S.C. § 1406(a) to the United States District Court for the District of Delaware ("Delaware Court"). *Id.* at *3.

After transfer, the Directors again moved to dismiss under Rule 12(b)(6). On April 19, 2017, the Delaware Court granted their motion dismissing the breach of fiduciary duty and negligence claims against Directors Esrey, Hallman and Woolsey and the fraud and negligent representation claims against Mr. Esrey without prejudice. Admitting they had no further information, the Investors did not amend their complaint. *Marshal T. Simpson Trust*, 2017 WL 4684325 at *3.

On May 24, 2017, Judge Robinson ordered the Investors to serve Mr. Sheymov and move for default judgment against Invicta. Upon reassignment, this Court granted the Investors' Motion for Default Judgment and, after Invicta and Mr. Sheymov filed an unopposed motion to vacate default judgment, vacated the default judgment. Invicta and Mr. Sheymov then moved to dismiss. *Id.* at *3.

In a subsequent opinion concerning the renewed motion to dismiss, the Delaware Court held that the last investment made by Marshal Simpson occurred in November 2009, after making his initial January 2009 investment. Donald Simpson invested in January 2007 and Mr. Boyd invested in January 2009. Applying Delaware's three-year statute of limitations to the last investment, the Delaware Court held that the Investors' Complaint must have been brought by November 2012, but Investors did not sue until November 2014. Therefore, the Investors' fraud

and negligent misrepresentation claims were time-barred. The Delaware Court also rejected Plaintiffs' attempt to toll based upon "fraudulent concealment" or "equitable" tolling in light of Plaintiffs' "bare allegations." *Id.* at *6.

Plaintiffs did not appeal the two orders of dismissal issued by the Delaware Court.

## II. THE INSTANT LITIGATION

Plaintiffs filed their initial Complaint on February 8, 2018, which contained a hodgepodge of grievances - many of which bear no relationship to their claim for legal malpractice. After Defendants filed their Motion to Dismiss outlining the deficiencies in Plaintiffs' original Complaint, Plaintiffs' filed their Amended Complaint on May 7, 2018. Yet, the Amended Complaint is still deficient.

Specifically, paragraph 48 of the Amended Complaint contains several subparagraphs that purportedly set forth negligent conduct. However, regarding several of those categories, Plaintiffs fail to explain anywhere in the Amended Complaint: (1) how that conduct is negligent, and/or (2) how the alleged negligence caused damage to Plaintiffs. For example, Plaintiffs contend that Defendants were "[s]ue[d] in the wrong jurisdiction" because the case ultimately was transferred to the Delaware Court, but they do not explain how that constituted negligence or how it damaged them (Amended Complaint, ¶ 48).

Fundamentally, though, the Amended Complaint contains three allegations that appear to form the crux of the legal malpractice claim:

- counsel's decision not to further pursue a demand for documents under section 220 (Amended Complaint, ¶ 48);

- counsel's inability to amend the Complaint (Amended Complaint, ¶ 48); and

- counsel's alleged inadequate preparation and performance at the Pretrial Conference (Amended Complaint, ¶ 48).

But again the Amended Complaint (1) never articulates *how* these alleged deficiencies constitute negligence, and (2) never articulates – beyond conclusory statements – any plausible basis for this Court to find that these alleged deficiencies caused Plaintiffs' alleged damages. In this respect, the Amended Complaint does not explain how the conduct – even if true and even if negligent – satisfies the "but for" causation standard for legal malpractice.

Furthermore, the Delaware Court held that Plaintiffs' claims were time-barred as of November 2012. (Memorandum in Support of Delaware Court's Order of Dismissal, page 9, attached as Exhibit A) But in paragraph 16, note 9 of their Amended Complaint, Plaintiffs allege that they retained Defendants in fall 2014 – nearly two years after the statute of limitations had already expired. Indeed, the earliest date alleged as to any involvement between Plaintiffs and these Defendants is June 24, 2014. (Amended Complaint, ¶ 16). Accordingly, the Delaware Court held that Plaintiffs' claims were time barred at least 1.5 years, if not approximately two years, before Plaintiffs retained these Defendants. Plaintiffs do not contend that Defendants' conduct caused this lapse concerning the statute of limitations.

Thus, in sum, the Amended Complaint alleges a wide array of perceived inadequacies, but never articulates any basis for how those could constitute negligence. For those handful of alleged shortcomings that the Amended Complaint does elaborate on, it still fails (1) to allege any facts constituting negligence, and/or (2) to allege any facts supporting a plausible inference that the conduct – even if true – caused Plaintiffs' losses, i.e., that "but for" Defendants' conduct the outcome of the case would have been different. Because of these pleading deficiencies, the Court should dismiss the Amended Complaint with prejudice.

## LEGAL STANDARD

Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). *Twombly* and *Iqbal* provide a two-step approach for determining the sufficiency of a claim under Rule 8(a). First, well-pled facts are taken as true, but conclusions are disregarded. *Bell Atl. Corp., v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*"); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("*Iqbal*"). A legal conclusion may be "couched as a factual allegation" but such an allegation is not taken as true. *Twombly*, 550 U.S. 556 ("a bare assertion of conspiracy will not suffice"); *Iqbal*, 556 U.S. 678.

Second, well-pled factual allegations are examined to determine if they plausibly state a claim. *Iqbal*, 556 U.S. 679. Integral to the examination for plausibility are a court's experience and its application of common sense to the well-pled facts. *Id.* Plausibility exists only if well-pled facts "allow [] the Court to determine the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

A complaint "stops short of the line between possibility and plausibility" where the well-pled facts are "merely consistent with" a defendant's liability. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. 557. A claim fails if it presents merely "the-defendant-unlawfully-harmed-me accusation." *Id.* at 678; *Twombly*, 550 U.S. 555.

In evaluating this standard, "the court need not accept as true wholly conclusory allegations." *Lara v. Federal Nat. Mtg. Ass'n*, No. 13-676, 2013 WL 3088728, *2 (citing *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999)). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements, will not pass muster . . ." *Id.* (internal quotations omitted).

"Ultimately, evaluation of a complaint upon a motion to dismiss is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Braden*, 588 F.3d at 594 (internal citation omitted).

In this case, Plaintiffs' Amended Complaint – even assuming all the facts are true – is built on a foundation of conclusory statements and leaps of logic. Accordingly, the Court should dismiss the Amended Complaint with prejudice.

## ARGUMENT

### I. PLAINTIFFS' LAUNDRY LIST OF GRIEVANCES DO NOT SUPPORT LEGAL MALPRACTICE

In their Amended Complaint, Plaintiffs list a variety of alleged deficiencies with counsel's conduct. (Amended Complaint, ¶ 48) However, other than listing those perceived deficiencies, the Amended Complaint never articulates *how* this conduct was allegedly negligent, nor does it proffer any theory about *how* the conduct caused damage to Plaintiffs. Indeed, other than this one paragraph, the Amended Complaint barely makes any reference to several of these allegations in any other portion of the pleading.[1]

For example, the Amended Complaint accuses counsel of initiating the litigation in the incorrect jurisdiction, but never submits any theory about how that is negligent, or how it purportedly caused Plaintiffs' damages. *Id.* at (c)(ii). Instead, it merely states, in parentheses, "(think evidence, memories being lost)" but does not explain how allegedly lost evidence and memories contributed to Plaintiffs' claimed damages. Other than this bare assertion, the Amended

---

[1] In this respect, it appears Plaintiffs have asserted a series of baseless accusations that have no bearing on the claims and are unsupported by any objective facts – the same sort of unsubstantiated assertions for which the Delaware Court previously chastised Plaintiffs. *See* Amended Transfer Order [Doc. # 14] at p. 11.

Complaint makes no other reference to counsel's alleged failure to initiate the litigation in Delaware from the outset.

In this respect, the vast majority of the allegations in paragraph 48 constitute the sort of conclusory statements that courts reject. *Lara*, 2013 WL 3088728, *2. This Court should do the same and reject the bulk of Plaintiffs' allegations of negligence.

## II. PLAINTIFFS' CORE COMPLAINTS DO NOT SUPPORT LEGAL MALPRACTICE

Aside from its miscellaneous grievances, the Amended Complaint discusses three core allegations that appear to form the basis of the malpractice claim:

- counsel's decision not to further pursue a demand for documents under section 220 (Amended Complaint, ¶ 48);

- counsel's inability to amend the Complaint (Amended Complaint, ¶ 48); and

- counsel's purported inadequate preparation and performance at the Pretrial Conference (Amended Complaint, ¶ 48).

All of these allegations, though, fail to set forth a cognizable claim for legal malpractice.

Under Missouri law, "[t]he elements of a legal malpractice action are: (1) an attorney-client relationship; (2) defendant acted negligently or in breach of contract; (3) defendant's acts were the proximate cause of the plaintiff's damages; and (4) but for defendant's conduct the plaintiff would have succeeded in prosecution of their underlying claim." *Juan v. Growe*, No. ED 105752, 2018 WL 1720980, *4 (Mo. Ct. App. Apr. 10, 2018) (citing *Nail v. Husch Blackwell Sanders LLP*, 436 S.W.3d 556, 561 (Mo. 2014)); *Fox v. White*, 215 S.W.3d 257, 260 (Mo. Ct. App. 2007) (outlining the elements of a legal malpractice claim).[2]

---

[2]To the extent Plaintiffs argue that Delaware law should apply, that state's law comports with Missouri's jurisprudence concerning legal malpractice. "The principles of negligence are largely

{0211043.DOCX}7

In this case, Plaintiffs fail to adequately allege the existence of negligent conduct and/or the "but for" causation standard required by Missouri law.

### A. Plaintiffs' Amended Complaint Fails to Allege Negligent Conduct

In this case, Plaintiffs' Amended Complaint fails to allege adequately that the three alleged acts constitute negligence. A legal malpractice case is "founded on an attorney's duty to exercise due care or to honor express contract commitments." *Klemme v. Best*, 941 S.W.2d 493, 495 (Mo. 1997). "[A] plaintiff must show that he failed to exercise that degree of skill and diligence ordinarily used under the same or similar circumstances by members of the legal profession." *Collins v. Missouri Bar Plan*, 157 S.W.3d 726, 732 (Mo. Ct. App. 2005) (internal quotation omitted). A lawyer "is not liable in damages to his client for a mere error in judgment on a legal proposition concerning which enlightened legal minds may fairly differ." *Williams v. Preman*, 911 S.W. 2d 288, 304 (Mo. App. W.D. 1995) (overruled on other grounds) (quotiong *James Carr's Executrix v. Glover*, 70 Mo. App. 242 (1897)[3].

Plaintiffs do not allege a "clear and palpable" category of legal malpractice, such as missing a statute of limitations or some other dispositive deadline.[4] Rather, their contentions center around litigation strategy and Plaintiffs must articulate some theory about *how* those actions constitute negligence and violate the applicable standard of care – not just rely on conclusory allegations.

---

identical among Missouri, Delaware, and Kansas." *See* Amended Transfer Order [Doc. # 14] at p. 7, n. 17 (outlining the similarities in negligence law among the states).

[3] In Delaware, "[a]ttorneys are entitled to discretion in determining which positions to advance on behalf of clients... An attorney is not held to a rule of infallibility, and is not liable for an honest mistake of judgment where the proper course of action is open to reasonable doubt." *In re TCW/Camil Holdings LLC*, 330 B.R. 117, 128 (Del. Bankr. 2005) (discussing New York law) (internal citations omitted).

[4] *See Rosemann v. Sigillito*, 785 F.3d 1175, 1180 (8th Cir. 2015) (applying Missouri law and discussing categories of legal malpractice that do not require expert testimony because they are so "clear and palpable to a jury of laymen").

However, conclusory allegations are exactly what Plaintiffs rely on. For example:

(1) regarding their allegation that counsel failed to amend the underlying complaint when given leave to do so, Plaintiffs do not identify what facts, if any, counsel should have added to the pleading;

(2) Plaintiffs fail to identify what additional facts, if any, counsel could have pointed to during the Pretrial Conference that would have supported an amended pleading and still been consistent with counsel's ethical obligations of candor toward a tribunal; and

(3) Plaintiffs fail to identify specifically what facts or documents counsel would have procured if counsel had pursued the section 220 demand.

Thus, Plaintiffs contend counsel failed to amend the Complaint in the underlying litigation, but do not articulate how the amendment would have changed the pleadings, and they do not identify any facts that were not submitted in the original pleading before the Court. In this respect, Plaintiffs' claim fails because it alleges – without any plausible support – that an action somehow constitutes negligence, without any reference to the applicable standard. Accordingly, for the three specific instances discussed in Plaintiffs' Amended Complaint, the Court should grant Defendants' Motion to Dismiss.

### B. Plaintiffs' Amended Complaint Fails to Allege "But For" Causation

Even if Plaintiffs managed to sufficiently allege negligent conduct, they have not satisfied the "but for" causation element of a legal malpractice claim, i.e., that "but for" the attorney's negligence, the underlying action would have been successful. *Steward v. Goetz*, 945 S.W.2d 520, 532 (Mo. Ct. App. 1997) ("the plaintiff must establish that, but for the attorney's negligence, the result of the underlying proceeding would have been different") (internal citation omitted). Indeed, "[i]n a legal malpractice case, negligence alone does not warrant a recovery for plaintiff; there must also be damage proximately resulting from an attorney's legal malpractice." *Id.* (citing *Lange v. Marshall*, 622 S.W.2d 237, 238 (Mo. Ct. App. 1981)).

### *1. The Statute of Limitations Barred Plaintiffs' Complaint*

In the underlying case, the Delaware Court determined that the statute of limitations barred Plaintiffs' claims – an intervening factor that would eliminate any liability for counsel's alleged negligence. **Exhibit A, page 9**. The Delaware Court held that Plaintiffs' claims concerning their investment in Invicta must have been brought by November 2012, but Plaintiffs did not file suit until November 2014 – a full two years *after* the statute of limitations had already expired. *Id.*

Plaintiffs do not and cannot allege that counsel failed to adhere to the statute of limitations or missed the statutory filing deadline. Indeed, Plaintiffs' Amended Complaint admits that no attorney-client relationship existed between Plaintiffs and counsel until fall 2014 – again, nearly two years after the statute of limitations had already expired. (Amended Complaint, ¶ 16)

Thus, even if Plaintiffs sufficiently allege causation, which they do not, they cannot escape that the statute of limitations eliminated their cause of action nearly two years before they retained their attorneys. In this respect, it is implausible for Plaintiffs to demonstrate causation, and the Court should grant Defendants' Motion.

### *2. Plaintiffs' Complaint Submits Barebone Allegations of Causation*

To the limited extent Plaintiffs allege causation, they do so only with conclusory allegations and without any factual support.

For example, regarding counsel's decision not to pursue the demand for documents under section 220, Plaintiffs state without any support that the section 220 demand "would have produced facts" that would have led to an amended pleading and, ultimately, a different result. Amended Complaint, ¶ 48(c)(i))

But Plaintiffs do not specify or in any way describe what those facts are, how those mysterious facts would have supported Plaintiffs' legal claims, and how those facts would have

{0211043.DOCX}10

Case 4:18-cv-00398-MJW   Document 20   Filed 05/25/18   Page 14 of 19

been dispositive to the underlying litigation. In fact, Plaintiffs have no better idea today what the outcome would have been of a litigated section 220 demand than they did several years ago, and any contention to the contrary is based purely on speculation and conclusory allegations.

Because Plaintiffs have not alleged any additional facts that *may* have been procured via a litigated section 220 demand, they cannot satisfy the causation element in their malpractice claim. Simply put, Plaintiffs have made no plausible allegation that the section 220 facts or documents would have altered the outcome of the underlying litigation.

Similarly, Plaintiffs' allegation concerning counsel's failure to amend the Complaint is equally infirm. Plaintiffs do not allege or identify any facts that counsel failed to include in the Complaint, nor do they identify any facts that – had they been alleged – would have been dispositive in favor of Plaintiffs. Plaintiffs repeatedly attack counsel for candidly admitting that additional facts were unavailable, but fail to demonstrate (1) how that concession was incorrect, or (2) how a different response would have altered the course of the litigation.

Plaintiffs argue that this "caused" the trial court to dismiss the case with prejudice. Setting aside that this allegation requires insight into the mindset of the trial judge – an assumption without any factual basis – Plaintiffs still have not articulated what additional facts Plaintiffs should have pursued in an amended pleading or what, upon the inevitable further examination from the Court, counsel should have offered as additional facts at the hearing.

Plaintiffs may quibble with counsel's choice of words at the hearing, but Plaintiffs nonetheless have not sufficiently alleged (1) that he was negligent concerning the availability of additional facts, and (2) that a different response would have altered the course of the litigation, either through an amended pleading or the Court's decision to grant dismissal with prejudice. To

the extent Plaintiffs make those allegations, they are conclusory and based wholly on speculation without any basis in the factual record.

In this respect, Plaintiffs' Amended Complaint does not sufficiently aver causation. Even if Plaintiffs' contentions regarding counsel's negligence are accurate, they have not pleaded any facts supporting the conclusion that a different tact would have elicited a better outcome for them, particularly in light of the Court's damning conclusions related to the statute of limitations. To the extent they do submit those allegations, the allegations are premised on supposition and conjecture – all of which weigh in favor of dismissing the Amended Complaint.

### C.  Summary of Plaintiffs' Malpractice Claim

To deem Plaintiffs' Amended Complaint sufficient, the Court must find that Plaintiffs have satisfactorily pleaded the following sequence of events:

(1) counsel's decision not to pursue the section 220 demand constituted negligence;

(2) a litigated and contentious section 220 procedure would have yielded additional documents or facts from Defendants;

(3) those documents or facts would have provided proof of fraud by Invicta and/or its former officers and directors;

(4) including the documents or facts in an amended pleading would have buttressed Plaintiffs' claims so that they satisfied Rule 9's stringent pleading standards;

(5) the additional documents or facts would have provided some basis for the Court to disregard the statute of limitations that expired two years *before* Plaintiffs retained counsel and filed suit;

(6) counsel's failure to include the amended facts constituted negligence;

(7) but for counsel's negligence, Plaintiffs would have prevailed in the underlying litigation; ***and***

(8) but for counsel's negligence, Plaintiffs would have recovered monetarily from Defendants.

To continue with their malpractice claim, *all* of these threshold questions would have to fall in Plaintiffs' favor, but the Amended Complaint does not allege any facts supporting them other than conclusory statements.

Instead, the Amended Complaint relies on the exact devices that courts reject at the pleading stage: "threadbare recitals of the elements of a cause of action, supported by merely conclusory statements." *Lara*, 2013 WL 3088728, *2. The Court should dismiss the Amended Complaint.

### III. PLAINTIFFS' OTHER CLAIMS ALSO FAIL

#### A. Plaintiffs' Breach of Fiduciary Duty Claim Fails

Plaintiffs' second count – breach of fiduciary duty – also fails. "Under Missouri law, when liability depends on an attorney's negligent performance of professional services to a client, the claim must be treated as one for attorney malpractice (i.e., professional negligence)." *Rosemann*, 785 F.3d at 1181 (quoting Missouri law). "[A] party may not clothe an attorney-malpractice claim as a claim of . . . breach of a fiduciary duty." *Id.* (internal citation omitted); s*ee also Klemme v. Best*, 941 S.W.2d 493, 496 (Mo. 1997) ("If the alleged breach can be characterized as both a breach of the standard of care (legal malpractice based on negligence) and a breach of a fiduciary obligation (constructive fraud), then the sole claim is legal malpractice.").

Here, Plaintiffs' allegations with respect to their breach of fiduciary duty claim are not independent of their legal malpractice claim. (Amended Complaint, ¶¶ 56-60) Thus, under

Missouri law, Plaintiffs cannot pursue a claim for legal malpractice *and* a claim for breach of fiduciary duty. Accordingly, the Court should dismiss Plaintiffs' breach of fiduciary duty claim.[5]

## B. Plaintiffs' Other Claims Are Derivative of the Malpractice Claims

Plaintiffs' other claims – vicarious liability and negligent hiring (Counts III and IV, respectively) – are premised on counsel's alleged negligence.[6] *See* Amended Complaint at ¶¶ 61-67; 68-70, respectively. As set forth herein, Plaintiffs have failed to sufficiently allege counsel's negligence and its causation; accordingly, the derivative claims also should fail and the Court should dismiss them.

## IV. THE COURT SHOULD DISMISS THE AMENDED COMPLAINT WITH PREJUDICE

"Leave to amend generally is inappropriate . . . where the plaintiff has not indicated how it would make the complaint viable, either by submitting a proposed amendment or indicating somewhere in its court filings what an amended complaint would have contained." *Pet Quarters, Inc. v. Depository Trust and Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009) (citing *Wolgin v. Simon*, 722 F.2d 389, 394-95 (8th Cir. 1983)). While courts normally are encouraged to allow amended pleadings, "district courts need not indulge in futile gestures." *Geier v. Missouri Ethics*

---

[5]Delaware law dictates a similar result. Ordinarily under Delaware law, "an attorney must act in some capacity beyond the mere provision of legal services to owe actionable fiduciary duties." *Dickerson v. Murray*, No. S14C-07-026, 2015 WL 447607, *5 (Del. Super. Feb. 3, 2015) (quoting *Rich Realty, Inc. v. Potter Anderson & Corroon LLP*, No. 09C-12-273, 2011 WL 743400, *3 (Del. Super. Feb. 21, 2011) (internal citation omitted)). An attorney takes on the role of a fiduciary – such that it can form the basis of a breach of fiduciary duty claim – "in narrow circumstances" such as "acting in a second capacity like a trustee or corporate manager . . ." *Id.* (internal quotations omitted). In this case, Plaintiffs do not aver any such relationship existed; indeed, Plaintiffs' sole allegation regarding the existence of a duty is premised only on counsel's role as an attorney.

[6]Plaintiffs' claim for negligent hiring is mislabeled in the Amended Complaint as "Count II." *See* Amended Complaint at p. 37. Defendants refer to it herein as Count IV.

*Comm'n*, 715 F.3d 674, 678 (8th Cir. 2013) (quoting *Holloway v. Dobbs*, 715 F.2d 390, 392-93 (8th Cir. 1983)).

In this case, Plaintiffs already amended the original Complaint *after* having the benefit of seeing Defendants' initial motion to dismiss. Thus, Plaintiffs have had the opportunity to rectify the shortcoming in their original pleading, but failed to do so. Presumably, then, any further amendment would be futile and the Court should grant dismissal with prejudice.

## CONCLUSION

For the reasons set forth above, as Plaintiffs' Amended Complaint merely makes conclusory allegations with no factual support, the Court should dismiss Plaintiffs' Amended Complaint with prejudice.