**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **MARSHAL T. SIMPSON, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 18-CV-00398-MJW** |
| | ) | |
| **WILLIAMS DIRKS DAMERON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants William Dirks Dameron, LLC and Matthew L. Dameron ("Defendants"), file this Reply in Support of their Motion to Dismiss for Failure to State a Claim upon which relief can be granted.

Before setting forth the legal arguments in support of our Reply, we wish to point out that Plaintiffs' counsel is not now, nor was she at the time she filed Plaintiff's Suggestions in Opposition to Defendants' Motion to Dismiss ("Opposition") (doc. 24), a member of this Bar. Nor has she been admitted *pro hac vice*. Thus, Plaintiff's counsel should be removed from this case and any pleadings she filed should be stricken from the record – as she does not have the ability to appear and practice before this District.

Even if her initial filings in this case were appropriate pursuant to Local Rule 83.5(h)(2), which seems unlikely as said rule pertains only to limited initial appearances, Ms. Klein had only 14 days after entering her appearance to comply with Local Rule 83.5(h)(3) – which contains the procedures for being admitted to this Bar *pro hac vice*. As Ms. Klein has not complied with these procedures, she should be removed from this case and any pleadings she filed should be stricken from the record.

Defendants are filing a separate Motion to Remove Ms. Klein based on the above.

1

{0212293.DOCX}

I.      **Plaintiffs Still have not Articulated how any Conduct by Defendants was Allegedly Negligent**

As discussed in Defendants' Motion to Dismiss, in the underlying lawsuit the United States District Court for the District of Delaware ("Delaware Court") held that the last investment made by Plaintiffs was in November 2009.  Applying Delaware's three-year statute of limitations to the last investment, the Delaware Court held that Plaintiffs' claims in the underlying lawsuit must have been brought by November 2012 – but Plaintiffs did not bring said claims until November 2014. Thus, the Delaware Court held that Plaintiffs' claims were barred by the statute of limitations and dismissed them with prejudice.  Plaintiffs did not retain Defendants with respect to the underlying litigation until fall 2014 – long after the statute of limitations regarding their claims had expired. **Amended Complaint, page 7 ¶ 16, footnote 9 (doc. 8)**.

The Delaware Court also rejected Plaintiffs' attempt to toll the three-year statute of limitations based upon a lack of facts to support either of the three tolling doctrines recognized under Delaware law:  (1) inherently unknowable injuries; (2) fraudulent concealment; or (3) equitable.  In Delaware, the plaintiff bears the burden of showing the statute of limitations should be tolled. *Marshal T. Simpson Trust v. Invicta Networks, Inc.*, 2017 WL 4684325 *7 (D. Delaware, October 18, 2017).  Under Delaware law, the three aforementioned tolling doctrines apply as discussed below:

(a) Inherently unknowable injuries

        a.  Applies "where it would be practically impossible for a plaintiff to discover the existence of a cause of action."  "No objective or observable factors may exist that might have put the plaintiffs on notice of an injury, and the plaintiffs bear

the burden to show that they were 'blamelessly ignorant' of both the wrongful act and resulting harm." *Id.* (internal citations / quotations omitted)

    (b) Fraudulent concealment

        a. Applies where a defendant "fraudulently conceal[s] from a plaintiff the facts necessary to put him on notice of the truth. Under this doctrine, a plaintiff must allege an affirmative act of 'actual artifice' by the defendant that either prevented the plaintiff from gaining knowledge of material facts or led the plaintiff away from the truth." *Id.* (internal citations / quotations omitted)

    (c) Equitable tolling

        a. Applies "while a plaintiff has reasonably relied upon the competence and good faith of a fiduciary until the investor 'knew or had reason to know of the facts constituting the wrong." *Id.* (internal citations / quotations omitted)

All of Plaintiffs' claims in this lawsuit are based on the (faulty) premise that Defendants were negligent by not pleading any additional facts in the underlying lawsuit that would have supported tolling the three-year statute of limitations as described above. These claims center on Defendants' litigation strategy in the underlying litigation with respect to obtaining said additional facts. While Plaintiffs have thrown a lot of random "facts," quotes from the Delaware proceeding and conclusory statements at the wall hoping that something will stick, they still have failed to plead any facts showing that Defendants' litigation strategy was negligent or violated the applicable standard of care - or more importantly, that any facts existed that would have supported tolling the three-year statute of limitations in the underlying lawsuit.

Numerous times throughout Plaintiffs' Amended Complaint and Opposition, they make the vague and conclusory claim that Defendants could have obtained additional facts in the

{0212293.DOCX}

underlying litigation from Plaintiffs that would have tolled the three-year statute of limitations and changed the outcome of the underlying lawsuit. However, only paragraphs 50 and 52 of Plaintiffs' Amended Complaint contain any alleged additional facts that Defendants allegedly could have obtained. Specifically, Plaintiffs claim they would have told Defendants the following additional facts:

1. Mr. Esrey was removed from Invicta's board of directors and dodged Mr. Simpson's calls for over a year without telling Plaintiffs he was removed from the board.

2. Once Plaintiffs knew Mr. Esrey was no longer affiliated with Invicta, they started to investigate "why this information had been withheld from them, why they had been duped, and started asking more pressing questions of Mr. Sheymov."

**Plaintiff's Amended Complaint, ¶ 50 (doc. 8).**

3. Unspecified "memoranda that induced them to make investments in the company;"

4. Unspecified "information about patents that the company represented to be valuable but neglected to renew;"

5. Unspecified "alleged cash infusions that in actuality were stock options;" and

6. Unspecified "evidence that Mr. Sheymov busied himself with writing, publishing, and selling books for his sole benefit when he represented to Plaintiffs he was too busy with developing and marketing Invicta's intellectual property to talk to them."

**Plaintiff's Amended Complaint, ¶ 52 (doc. 8).**

With respect to the allegations in paragraph 50, they have nothing to do with the aforementioned tolling doctrines – nor have Plaintiffs pleaded anything specific to the contrary.

With respect to the allegations in paragraph 52, they are nothing more than vague and conclusory themselves. More importantly, they have absolutely nothing to do with tolling

{0212293.DOCX}

Delaware's three-year statute of limitations. All of these allegations in paragraphs 50 and 52 are the same types of bare allegations that the Delaware Court has already held did not support any of the aforementioned three tolling doctrines. *Id.* at 8.

Additionally, Plaintiffs attached a "Declaration of Marshal T. Simpson" in support of their Opposition containing additional "facts" that were not plead in Plaintiffs' Amended Complaint. **Attachment 1 to Plaintiff's Opposition (doc. 24)**. Under FRCP 12(d), when outside matters are presented on a motion to dismiss the court may either treat the motion as one for summary judgment and provide the parties an opportunity to provide additional materials, or treat it as one to dismiss and exclude the matters outside the pleadings. *See Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992). Here, the Court should exclude this "Declaration" – particularly as it is not even signed or notarized by Mr. Simpson. Instead, Plaintiffs' counsel simply electronically signed it for Mr. Simpson.

More importantly, none of the "additional facts" claimed in the "Declaration" have any relevance to the application of the tolling doctrines discussed above, nor do they contain any specifics about how Defendants were allegedly negligent.

Further, throughout their Amended Complaint and Opposition Plaintiffs claim that Defendants were negligent by not pursuing the Section 220 Demand – but again fail to allege what this Section 220 Demand would have uncovered or how it would have changed the Delaware Court's ruling with respect to the statute of limitations.

Finally, the Delaware Court held in the underlying litigation that even had Plaintiffs pleaded facts to support tolling the statute of limitations, their claims still would have been dismissed for failure to plead reliance or fraud with particularity. *Id.* at 8. Nowhere in Plaintiffs' Complaint is there an allegation of some additional fact that Defendants failed to uncover, or that could have

been pleaded by Defendants to cure this issue. Paragraph 27 of the Amended Complaint alleges that the Defendants should have reached out to Plaintiffs to obtain such facts, but fails to provide even a hint as to what those facts may have been.

Therefore, Plaintiffs' Amended Complaint should be dismissed with prejudice.

## II.      Plaintiffs Still have Failed to Properly Allege Causation

Nowhere in the Petition is there an allegation of how any additional facts Defendants could / should have uncovered would have changed the outcome of the underlying lawsuit. In other words, Plaintiffs have not pleaded how any additional facts would have triggered the application of one of Delaware's three tolling doctrines and/or would have satisfied the particularity requirements for pleading fraud and reliance – and thus prevented Plaintiffs' claims in the underlying lawsuit from being barred by Delaware's three-year statute of limitations or otherwise dismissed. Accordingly, even if Plaintiffs did plead some specific negligence against Defendants, they cannot escape the fact that the statute of limitations had expired with respect to their claims nearly two years prior to their retention of Defendants. Nor can they escape the fact that even if they did somehow get around the three-year statute of limitations, they had no facts to sufficiently plead reliance or fraud with particularity. *Simpson*, 2017 WL 4684325 at *8-9

Plaintiffs' only argument in their Opposition, and allegation in their Complaint, to allegedly support the causation element of their legal malpractice claim is that Defendants' retention agreement with Plaintiffs in the underlying lawsuit indicates that Defendants would pursue Plaintiffs' claims only if Defendants thought they were viable. **Amended Complaint, page 7 ¶ 16 (doc. 8**). Thus, Plaintiffs argue that since Defendants pursued their claims they must have been viable under Delaware law. However, even if Defendants *thought* Plaintiffs' claims were viable under Delaware law, that obviously does not mean that said claims were *actually* viable

6

under Delaware law. In fact, the Delaware Court held to the contrary. Defendants originally filed the underlying lawsuit in Missouri. The Delaware Court even noted that Missouri's statute of limitations related to Plaintiffs' claims is much longer than Delaware's statute of limitations. *Simpson*, 2017 WL 4684325 * 5-6. Thus, Plaintiffs' claims certainly may have been viable under Missouri law.

As Plaintiffs have failed to allege any specifics regarding how any additional facts that allegedly should have been raised by Defendants in the underlying lawsuit would have changed the Delaware Court's decision to dismiss their claims with prejudice in that lawsuit, Plaintiffs have failed to properly plead causation in this lawsuit. Thus, their Amended Complaint should be dismissed.

### III. Plaintiffs Have Failed to Plead an Independent Basis for Their Breach of Fiduciary Duty Claim

Plaintiffs concede in their response that their breach of fiduciary duty claim fails unless it is independent of their legal malpractice claim. Plaintiffs believe this claim should survive dismissal because they are entitled to plead alternative theories. However, Plaintiffs still have not pleaded any alternative theory as to why their breach of fiduciary duty claim is independent of their legal malpractice claim – nor any specific facts to support the same. As discussed in Defendants' Memorandum in Support of Their Motion to Dismiss, Plaintiffs' breach of fiduciary duty claim is based on the same conclusory allegations / "facts" as their legal malpractice claim. Thus, it fails as a matter of law and should be dismissed.

**WHEREFORE,** defendants William Dirks Dameron, LLC and Matthew L. Dameron respectfully request that this Court grant their Motion to Dismiss and enter an Order dismissing Plaintiffs' First Amended Petition with prejudice, and for such other and further relief as the Court deems just and proper under the circumstances.

7

{0212293.DOCX}

**NORRIS & KEPLINGER, L.L.C.**


By:     s/David J. Welder
         Michael G. Norris, #33416
         mnorris@nkfirm.com
         David J. Welder, #61806
         dwelder@nkfirm.com
9225 Indian Creek Parkway
32 Corporate Woods, Suite 750
Overland Park, Kansas 66210
(913) 663-2000
(913) 663-2006 (Fax)
**ATTORNEYS FOR DEFENDANTS**


### <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on this 6th day of July, 2018, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send notice of electronic filing to all counsel of record.


         s/David J. Welder
**Attorney for Defendants**

{0212293.DOCX}